No. 24-1187

———————————————

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————————

MARTY HIERHOLZER; MJL ENTERPRISES, LLC,
a Virginia corporation,

Plaintiffs – Appellants,

v.

ISABEL GUZMAN, in her official capacity as
Administrator of the Small Business Administration;
SMALL BUSINESS ADMINISTRATION,

Defendants – Appellees.

———————————————

On Appeal from the United States District Court
for the Eastern District of Virginia, No. 2:23-cv-00024-RAJ-DEM
Honorable Raymond A. Jackson, District Judge

———————————————

**APPELLANTS' PETITION FOR REHEARING EN BANC**

———————————————

GLENN E. ROPER                    JOSHUA P. THOMPSON
Pacific Legal Foundation          Pacific Legal Foundation
1745 Shea Center Drive, Suite 400 555 Capitol Mall, Suite 1290
Highlands Ranch, Colorado 80129   Sacramento, California 95814
Telephone: (916) 419-7111         Telephone: (916) 419-7111
GERoper@pacificlegal.org          JThompson@pacificlegal.org


*Attorneys for Plaintiffs – Appellants*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES................................................................ii

INTRODUCTION ............................................................................1

BACKGROUND ..............................................................................2

   I.   The 8(a) program and its social and economic disadvantage
      requirements ........................................................................3

   II.  Plaintiffs-Appellants Marty Hierholzer and MJL Enterprises.......6

   III. Procedural history ...............................................................7

REASONS FOR GRANTING THE PETITION ....................................10

   I.   The panel decision conflicts with the Supreme Court decision in
      *City of Jacksonville* ...........................................................10

   II.  The panel decision conflicts with decisions of this Court regarding
      evaluation of jurisdictional facts................................................16

CONCLUSION ..............................................................................20

CERTIFICATE OF COMPLIANCE....................................................21

CERTIFICATE OF SERVICE............................................................22

i

# TABLE OF AUTHORITIES

**Page(s)**

### Cases

*Adams v. Bain,*
  697 F.2d 1213 (4th Cir. 1982)........................................................2, 17

*Adarand Constructors, Inc. v. Pena,*
  515 U.S. 200 (1995)................................................................... 11

*Balfour Beatty Infrastructure, Inc. v. Mayor of Balt.,*
  855 F.3d 247 (4th Cir. 2017)...................................................... 16

*Barr v. Am. Ass'n of Pol. Consultants, Inc.,*
  591 U.S. 610 (2020)................................................................... 12

*Bolling v. Sharpe,*
  347 U.S. 497 (1955)..................................................................... 3

*Evans v. B.F. Perkins Co.,*
  166 F.3d 642 (4th Cir. 1999)............................................. 1, 16, 18

*Haaland v. Brackeen,*
  599 U.S. 255 (2023)................................................................... 12

*Heckler v. Mathews,*
  465 U.S. 728 (1984)................................................................... 15

*Hierholzer v. Guzman,*
  125 F.4th 104 (2025)................................................. 8, 9, 13, 14, 18

*Kerns v. United States,*
  585 F.3d 187 (4th Cir. 2009)...................................................... 17

*Mowery v. Nat'l Geospatial-Intel. Agency,*
  42 F.4th 428 (4th Cir. 2022),
  *cert. denied*, 143 S. Ct. 783 (2023) ...................................... 16

*U.S. ex rel. Nathan v. Takeda Pharmacies North America,*
  *Inc.*, 707 F.3d 451 (4th Cir. 2013).......................................... 9, 19

*Northeastern Florida Chapter of the Associated General*
  *Contractors of America v. City of Jacksonville,*
  508 U.S. 656 (1993)........................................... 1, 10, 11, 12

*Parents Involved in Cmty. Schs. v. Seattle Sch. Dist. No. 1,*
    551 U.S. 701 (2007)................................................................ 12

*Payne v. Chapel Hill N. Props., LLC,*
    947 F. Supp. 2d 567 (M.D.N.C. 2013)................................. 17

*Richmond, Fredericksburg & Potomac R. Co. v. United*
    *States,* 945 F.2d 765 (4th Cir. 1991)............................. 2, 17

*S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand*
    *at Broadlands, LLC,*
    713 F.3d 175 (4th Cir. 2013).......................................... 9, 19

*Texas v. Lesage,*
    528 U.S. 18 (1999)........................................................... 11

*Ultima Servs. Corp. v. U.S. Dep't of Agric.,*
    No. 2:20-cv-00041, 2023 WL 4633481
    (E.D. Tenn. July 19, 2023).................................................. 8

*U.S. ex rel. Vuyyuru v. Jadhav,*
    555 F.3d 337 (4th Cir. 2009).......................................... 2, 17

**Statutes**

15 U.S.C. § 631(f)(1)(C) ....................................................... 4

15 U.S.C. § 637(a)(1)(A)–(B) ............................................... 3

15 U.S.C. § 637(a)(4) ............................................................ 3

15 U.S.C. § 637(a)(5) ............................................................ 4

15 U.S.C. § 637(a)(6)(A) .................................................. 5, 15

**Rules of Court**

Fed. R. Civ. P. 12(b)(1) ............................ 1, 7, 16, 18, 19

Fed. R. Civ. P. 12(b)(6) ..................................................... 19

**Regulations**

13 C.F.R. § 124.103(a) .......................................................... 4

13 C.F.R. § 124.103(b) .......................................................... 2

13 C.F.R. § 124.103(b)(1) ..................................................... 4

13 C.F.R. § 124.103(b)(3) ..................................................... 4

13 C.F.R. § 124.103(c)(1) ..................................................... 4

13 C.F.R. § 124.103(c)(2) .................................................................. 4

13 C.F.R. § 124.104(c)(2)–(4) ..................................................... 5, 18

13 C.F.R. § 124.404 .................................................................... 3, 5

13 C.F.R. § 124.405 .................................................................... 3, 5

13 C.F.R. § 124.501(b) ..................................................................... 3

## INTRODUCTION

Rehearing en banc is warranted because the panel opinion conflicts with decisions of the Supreme Court and this Court.

First, it conflicts with the Supreme Court's decision in *Northeastern Florida Chapter of the Associated General Contractors of America v. City of Jacksonville*, 508 U.S. 656 (1993) ("*City of Jacksonville*"), which explained standing requirements for an equal protection challenge. Specifically, "[w]hen the government erects a barrier that makes it more difficult for members of one group to obtain a benefit than it is for members of another group," a member of the disadvantaged group "need not allege that he would have obtained the benefit but for the barrier in order to establish standing." *Id.* at 666. Yet here, the panel concluded that Mr. Hierholzer lacked standing to challenge a race-based barrier unless he alleged that he would obtain the benefit of acceptance into the government contracting program containing the challenged barrier.

Second, the panel decision conflicts with this Court's pleading standard for evaluating a motion to dismiss under Rule 12(b)(1). Such a motion may be granted "only if the material jurisdictional facts are not in dispute." *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999)

1

(quotation omitted). And in evaluating a 12(b)(1) motion, courts look not only to complaint allegations, but to other evidence of jurisdictional facts. *See Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982); *U.S. ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347–48 (4th Cir. 2009). Yet here, the panel disregarded the unrebutted evidence in Mr. Hierholzer's declaration and dismissed for lack of standing even though the jurisdictional facts are at least in dispute, if not entirely in his favor.

## BACKGROUND

Plaintiff-Appellant Marty Hierholzer is a service-disabled Navy veteran and small business owner in Norfolk, Virginia, who wants to participate in the Small Business Administration's Section 8(a) Business Development Program (the "8(a) program"). He has twice applied to the program, but both times, SBA denied his application because it was not convinced he had proven he is "socially disadvantaged."

But if Mr. Hierholzer were one of the races listed in an SBA regulation, he would not have to prove social disadvantage because he would be *presumed* socially disadvantaged. *See* 13 C.F.R. § 124.103(b). This lawsuit challenges SBA's race-based presumption of social

2

disadvantage as a violation of the right to equal protection.[1] Mr. Hierholzer does not seek an order admitting him to the 8(a) program, but elimination of the unequal barrier that makes it harder for him to be accepted into the program than it is for business owners of other races.

## I. The 8(a) program and its social and economic disadvantage requirements

Under the 8(a) program, SBA enters into agreements to provide goods or services to other federal agencies, then subcontracts those agreements to 8(a) program participants, either through a competitive bidding process or as "sole-source" awards. 15 U.S.C. § 637(a)(1)(A)–(B); 13 C.F.R. § 124.501(b). In addition, SBA provides program participants with technical and financial assistance, business development training, and access to federal surplus property. *See* 13 C.F.R. §§ 124.404–405.

To participate in the program, a small business must be at least 51% owned by persons who are both socially and economically disadvantaged. 15 U.S.C. § 637(a)(4). Business owners are considered socially disadvantaged if they "have been subjected to racial or ethnic prejudice or cultural bias because of their identity as a member of a group

---

[1] *See Bolling v. Sharpe*, 347 U.S. 497, 499 (1955) (discussing the equal protection component of the Fifth Amendment's Due Process Clause).

3

without regard to their individual qualities" and due to "circumstances beyond their control." *Id.* § 637(a)(5); 13 C.F.R. § 124.103(a).

In establishing the 8(a) program, Congress stated that "socially disadvantaged" persons include "Black Americans, Hispanic Americans, Native Americans, Indian tribes, Asian Pacific Americans, [and] Native Hawaiian Organizations." 15 U.S.C. § 631(f)(1)(C). An SBA regulation converted this finding into a presumption of social disadvantage for all business owners who fall into these racial or ethnic categories, plus any who are "Subcontinent Asian Americans." 13 C.F.R. § 124.103(b)(1). Although in theory the presumption of social disadvantage may be rebutted, *id.* § 124.103(b)(3), in practice it is determinative.

Applicants not in the favored racial groups are not presumed socially disadvantaged and must prove individual social disadvantage. 13 C.F.R. § 124.103(c)(1). They can do so by showing that (1) they have at least one objective distinguishing feature that has contributed to their social disadvantage, (2) it is based on their experience in American society, (3) it is chronic and substantial, and (4) it has negatively impacted their entry into or advancement in the business world. *Id.*

§ 124.103(c)(2). Few, if any, 8(a) program participants achieved eligibility through demonstrating individual social disadvantage. JA017–18 ¶ 66.[2]

Once an applicant establishes social disadvantage, he must also establish that he is economically disadvantaged. 15 U.S.C. § 637(a)(6)(A). "Economically disadvantaged individuals" are defined as "those socially disadvantaged individuals whose ability to compete in the free enterprise system has been impaired due to diminished capital and credit opportunities." 15 U.S.C. § 637(a)(6)(A). Under SBA regulations, an applicant satisfies this requirement if he has: (1) personal net worth less than $850,000; (2) average income less than $400,000 over the past three years; and (3) assets whose fair market value does not exceed $6.5 million. 13 C.F.R. § 124.104(c)(2)–(4).

A small business owner who cannot show social and economic disadvantage to SBA's satisfaction is excluded from 8(a) program and from the set-aside contracts and other benefits—including training, business development, and access to federal surplus property—that are only available to program participants. *See id.* §§ 124.404–405.

---

[2] "JA___" refers to the Joint Appendix filed by the parties.

## II.   Plaintiffs-Appellants Marty Hierholzer and MJL Enterprises

Mr. Hierholzer is a service-disabled veteran and owner of MJL Enterprises, which contracts with the federal government to provide services and supplies. JA007 ¶ 2. Because of injuries he sustained during twenty-two years as a Navy deep sea diver, the Department of Veteran Affairs rates Mr. Hierholzer as 60% disabled. JA010 ¶ 19. MJL is legally recognized as a small business under the terms of the 8(a) program. JA011 ¶ 23. It provides a variety of goods and services—such as medical, maintenance, and repair equipment—to military bases and VA hospitals. JA010 ¶ 22.

In 2009, and again in 2016, Mr. Hierholzer applied for MJL to be included in the 8(a) program. JA015 ¶ 54. Because he is of German and Scottish descent, he does not qualify for the race-based presumption of social disadvantage. Instead, he based his claim of social disadvantage on the cultural bias he experienced as a service-disabled veteran. Both times, SBA denied Mr. Hierholzer's application because it concluded that he had not sufficiently established social disadvantage. JA016–17 ¶¶ 55–62.

Although SBA never looked beyond the social disadvantage criterion, Mr. Hierholzer meets the requirements for economic disadvantage, as shown by a declaration he filed in the district court. JA094–95. Specifically, (1) his net worth is less than $850,000; (2) his average adjusted gross income is less than $400,000; and (3) the fair market value of his assets does not exceed $6.5 million. *Id.* ¶¶ 4–6. Because Mr. Hierholzer meets these economic qualifications, he would have been accepted into the 8(a) program if he belonged to one of the racial groups that are presumed socially disadvantaged. JA017 ¶ 64.

## III. Procedural history

Mr. Hierholzer brought this civil rights lawsuit to challenge SBA's presumption of social disadvantage that only benefits business owners of certain races. He asserts claims under the Fifth Amendment's Due Process Clause, the Administrative Procedure Act, and the nondelegation doctrine. JA019–26. His complaint seeks prospective injunctive and declaratory relief. JA026.

Defendants moved to dismiss the complaint under Rule 12(b)(1), claiming that Mr. Hierholzer lacks standing. JA028–56. The district

court granted the motion to dismiss for lack of standing, and additionally concluded that the case is moot. JA159–76.[3]

On appeal, a panel of this Court reversed the district court's mootness holding but affirmed as to standing. *Hierholzer v. Guzman*, 125 F.4th 104 (2025). The panel's primary conclusion was that to have standing, Mr. Hierholzer must establish that he satisfies the 8(a) program's social and economic disadvantage criteria. *Id.* at 115–16 (Mr. Hierholzer was "required to plead facts to support that [he] would be eligible for the program—i.e., that [he] is socially and economically disadvantaged"). Without such allegations, the panel concluded, the complaint fails all three standing prongs: injury in fact, causation, and redressability. *Id.* at 113–17.

With respect to social disadvantage, the panel further stated that Mr. Hierholzer's "prior rejections [from the 8(a) program] underscore [his] ineligibility" for the program. *Id.* at 117. Because the social

---

[3] The mootness holding was based on another district court's ruling that SBA's race-based presumption violates the Due Process Clause. *Ultima Servs. Corp. v. U.S. Dep't of Agric.*, No. 2:20-cv-00041, 2023 WL 4633481 (E.D. Tenn. July 19, 2023). SBA paused its use of the presumption in light of that ruling, but it did not make any permanent changes or rescind the regulation. As of the date of this filing, the *Ultima* district court is considering additional motions and there has been no final judgment, let alone exhaustion of appeals.

8

disadvantage criterion would "continue to bar [Mr. Hierholzer] from the 8(a) Program even if [his] requested relief were granted," his "claimed injury cannot be redressed by a favorable decision." *Id.*

As to economic disadvantage, the panel concluded that Mr. Hierholzer had to allege that he satisfied economic disadvantage criteria in order "to 'demonstrate' that [he is] 'able and ready' to bid [and] that the alleged discriminatory policy is the[] only barrier to participation in the 8(a) Program on an equal basis." *Id.* at 115. Although the panel noted that Mr. Hierholzer had submitted a declaration establishing his economic disadvantage, JA094–95, it concluded the declaration could not "cure [his] pleading deficiency," since "parties may not 'amend their complaints through briefing.'" *Id.* (quoting *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013)). The panel also cited *U.S. ex rel. Nathan v. Takeda Pharmacies North America, Inc.*, for the proposition that "[A plaintiff] cannot cure pleading deficiencies in the complaint with later-filed supporting documentation [on a motion to dismiss]." *Id.* (quoting 707 F.3d 451, 459 n.8 (4th Cir. 2013) (alterations in panel opinion)). It

therefore disregarded Mr. Hierholzer's declaration and affirmed dismissal for lack of standing.

## REASONS FOR GRANTING THE PETITION

This Court should grant en banc review because the panel decision conflicts with both Supreme Court precedent and prior decisions of this Court.

## I. The panel decision conflicts with the Supreme Court decision in *City of Jacksonville*

In *City of Jacksonville*, the Supreme Court confirmed what is—and what is not—necessary to establish standing in an equal protection case. 508 U.S. at 656. There, an association of general contractors challenged a city ordinance that granted preferential treatment to businesses owned by racial minorities in city contracting. *Id.* at 658. The Court of Appeals had concluded that the association lacked standing "because it failed to allege that one or more of its members would have been awarded a contract but for the challenged ordinance." *Id.* at 664. But the Supreme Court rejected that position: "When the government erects a barrier that makes it more difficult for members of one group to obtain a benefit than it is for members of another group," a member of the disadvantaged group "need not allege that he would have obtained the benefit but for the

10

barrier in order to establish standing." *Id.* at 666. The constitutional injury is "the denial of equal treatment resulting from the imposition of the barrier, not the ultimate inability to obtain the benefit." *Id.*

The Supreme Court has repeatedly relied on *City of Jacksonville* in reiterating these principles:

- *Adarand Constructors, Inc. v. Pena*, 515 U.S. 200, 211 (1995): "[A] discriminatory classification [that] prevent[s] the plaintiff from competing on an equal footing" is an equal protection injury and a plaintiff "need not allege that he would have obtained the benefit but for the barrier." (quoting *City of Jacksonville*, 508 U.S. at 666–67).

- *Texas v. Lesage*, 528 U.S. 18, 21 (1999): "[A] plaintiff who challenges an ongoing race-conscious program and seeks forward-looking relief need not affirmatively establish that he would receive the benefit in question if race were not considered." Instead, "[t]he relevant injury in such cases is 'the inability to compete on an equal footing.'" *Id.* (quoting *City of Jacksonville*, 508 U.S. at 666).

11

- *Parents Involved in Cmty. Schs. v. Seattle Sch. Dist. No. 1*, 551 U.S. 701, 719 (2007): "[B]eing forced to compete in a race-based system that may prejudice the plaintiff" establishes standing, even if the plaintiff might ultimately be denied entry to the program. (citing *City of Jacksonville*, 508 U.S. at 666).

- *Barr v. Am. Ass'n of Pol. Consultants, Inc.*, 591 U.S. 610, 634 (2020): "[A] plaintiff who suffers unequal treatment has standing to challenge a discriminatory exception that favors others." (citing *City of Jacksonville*, 508 U.S. at 666).

- *Haaland v. Brackeen*, 599 U.S. 255, 292 (2023): When racial discrimination creates "a barrier that makes it more difficult for members of one group to obtain a benefit than it is for members of another group," such discrimination "counts as an Article III injury." (citing *City of Jacksonville*, 508 U.S. at 666).[4]

---

[4] Although the *Haaland* plaintiffs alleged an injury, they failed the redressability prong because they only requested relief against federal entities, not the state agencies who made the challenged child-placement decisions. 599 U.S. at 292–93. There is no similar redressability concern here, as Defendants operate and make the decisions regarding the 8(a) program.

The panel's insistence that Mr. Hierholzer must "plead facts to support that [he] … is socially and economically disadvantaged," 125 F.4th at 115, conflicts with *City of Jacksonville* and its progeny because it conditions Mr. Hierholzer's standing on whether he would ultimately "obtain the benefit" of acceptance into the 8(a) program, since those are the very requirements to gain entry into the program.

Mr. Hierholzer's constitutional injury is not that he was previously rejected from the 8(a) program, but that he faces unequal treatment in the application process. The "barrier" that causes his injury under *City of Jacksonville* is SBA's use of race to decide whether a business owner must *prove* social disadvantage or is *presumed* socially disadvantaged. A small business owner identical to Mr. Hierholzer in every way, other than race, would be admitted under the presumption of social disadvantage. In contrast, Mr. Hierholzer can only be admitted if he proves his individual social disadvantage to SBA's satisfaction—which he has unsuccessfully attempted to do twice. Contrary to the panel's decision, under *City of Jacksonville* these prior rejections do not show a lack of standing, but simply underscore his concrete interest in the program and

13

the inherent inequality of SBA's process. Put simply, he would not have been rejected from the program if he qualified for the presumption.

The panel's failure to follow *City of Jacksonville* creates an absurd Catch-22 under which *no one* has standing to challenge the presumption. Under the panel's decision, a plaintiff lacks standing unless he shows that he is socially disadvantaged. But a plaintiff that qualifies as socially disadvantaged is not harmed by the presumption, since he does not need to be presumed socially disadvantaged to be accepted into the program. Thus, in the panel's view, the only people with standing to challenge the presumption are those who are not injured by it (and thus lack standing). That is not only circular and nonsensical, but directly contrary to Supreme Court precedent.

The panel's error extends to causation and redressability. It concluded that "[t]here is no causal connection" between the presumption and Mr. Hierholzer's injury and that his injury "cannot be redressed by a favorable decision" because an injunction against the presumption would not eliminate the social and economic disadvantage criteria. 125 F.4th at 117. But that misconstrues his claim: as in *City of Jacksonville*, his injury is the unequal treatment enforced by Defendants, and that injury can

14

and would be redressed by elimination of the unequal treatment inherent in the presumption. *See also Heckler v. Mathews*, 465 U.S. 728, 740 (1984) ("[W]hen the right invoked is that to equal treatment, the appropriate remedy is a mandate of equal treatment, a result that can be accomplished by withdrawal of benefits from the favored class as well as by extension of benefits to the excluded class.") (cleaned up). Here, redressability does not require admission to the program, but simply equal treatment.

Finally, the panel's insistence that Mr. Hierholzer must allege economic disadvantage is flawed for another reason. A person must first be deemed "socially disadvantaged" before he can be found "economically disadvantaged." *See* 15 U.S.C. § 637(a)(6)(A) (defining "economically disadvantaged individuals" as a subset of "socially disadvantaged individuals"). The question of economic disadvantage does not even arise until after social disadvantage is established. Since Mr. Hierholzer's challenge is to the antecedent question of how social disadvantage is

established, he need not allege economic disadvantage to have standing to challenge the race-based presumption.[5]

This Court should grant en banc review to resolve the conflict between the panel decision and *City of Jacksonville*.

## II. The panel decision conflicts with decisions of this Court regarding evaluation of jurisdictional facts

The panel decision also conflicts with this Court's cases establishing how to evaluate standing in a motion to dismiss under Rule 12(b)(1). Even if the panel were correct that economic disadvantage is relevant to standing, under this Court's precedents it should not have disregarded Mr. Hierholzer's declaration showing that he is economically disadvantaged.

First, a Rule 12(b)(1) motion premised on standing may be granted "only if the material jurisdictional facts are not in dispute." *Evans*, 166 F.3d at 647 (quotation omitted). This Court has repeatedly emphasized this requirement. *See, e.g.*, *Mowery v. Nat'l Geospatial-Intel. Agency*, 42 F.4th 428, 434 (4th Cir. 2022), *cert. denied*, 143 S. Ct. 783 (2023); *Balfour Beatty Infrastructure, Inc. v. Mayor of Balt.*, 855 F.3d 247, 251 (4th Cir.

---

[5] As discussed below, even if Mr. Hierholzer were required to establish economic disadvantage at this stage, he has done so. *See* JA094–95.

16

2017). In evaluating whether there is a dispute as to jurisdictional facts, the court applies "a presumption of truthfulness" to a plaintiff's allegations when the jurisdictional facts are intertwined with the merits. *Kerns v. United States*, 585 F.3d 187, 193 (4th Cir. 2009).

Second, in evaluating its jurisdiction, the court is not limited to the allegations in the complaint, but should consider relevant jurisdictional evidence outside the pleadings, including in a plaintiff's affidavit. *See Richmond, Fredericksburg & Potomac*, 945 F.2d at 768 (in factual challenge to standing, court may consider evidence outside the pleadings to determine if there is a genuine dispute as to jurisdictional facts); *Kerns*, 585 F.3d at 190 (considering jurisdictional facts from affidavits in a 12(b)(1) motion); *Adams*, 697 F.2d at 1219 (in evaluating jurisdiction, a court may "consider evidence [of jurisdictional facts] by affidavit, depositions or live testimony"); *Vuyyuru*, 555 F.3d at 347–48 (finding it proper to "go beyond the allegations of the complaint and resolve the jurisdictional facts in dispute by considering evidence outside the pleadings, such as affidavits"); *see also Payne v. Chapel Hill N. Props., LLC*, 947 F. Supp. 2d 567, 572 (M.D.N.C. 2013) (in deciding a standing

17

challenge, "the court assumes the truth of the uncontested facts augmented by a plaintiff's affidavits").

The panel failed to follow these standards. Assuming economic disadvantage is relevant to standing, Mr. Hierholzer's sworn declaration offered evidence that he satisfies all three criteria (net worth, income, and asset value) to be economically disadvantaged. *See* JA094–95; 13 C.F.R. § 124.104(c)(2)–(4). Defendants offered no facts contradicting his declaration. But contrary to this Court's precedent, the panel not only disregarded the declaration, it went so far as to conclude (based on zero evidence) that Mr. Hierholzer "is *not* … economically disadvantaged." 125 F.4th at 113 (emphasis added); *see also id.* at 117 (referring to Mr. Hierholzer's "lack of … economic disadvantage"); *id.* (stating that even if the presumption were eliminated, Mr. Hierholzer "would still be required to demonstrate … economic disadvantage … which *[he] cannot do*.") (emphasis added). Even if there were *conflicting* evidence regarding Mr. Hierholzer's economic disadvantage, a Rule 12(b)(1) motion should not be granted based on disputed jurisdictional facts. *Evans*, 166 F.3d at 647. But here, where the *only* evidence is a sworn declaration

establishing his economic disadvantage, dismissal is entirely unwarranted.

To justify its disregard of Mr. Hierholzer's declaration, the panel relied on two inapposite cases. First, it cited *South Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC* for the proposition that "parties may not 'amend their complaints through briefing.'" *Id.* at 115 (quoting 713 F.3d at 184). But Mr. Hierholzer's declaration is not an argument in a brief, but a sworn statement offering unrebutted factual evidence. Second, the panel cited *U.S. ex rel. Nathan v. Takeda Pharmacies North America, Inc.* for the proposition that "[A plaintiff] cannot cure pleading deficiencies in the complaint with later-filed supporting documentation [on a motion to dismiss]." *Id.* (quoting 707 F.3d at 459 n.8 (alterations in panel opinion)). But *Nathan* dealt only with a motion to dismiss under Rule 12(b)(6), *see* 707 F.3d at 453, under which a court is limited to the pleadings. That is not the standard for Rule 12(b)(1).

19

## CONCLUSION

The Court should grant the petition, vacate the panel decision, and rehear the case en banc.

DATED: February 18, 2025.

Respectfully submitted,

GLENN E. ROPER
JOSHUA P. THOMPSON

s/ Glenn E. Roper
GLENN E. ROPER
*Attorneys for Plaintiff – Appellee*

20

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rules of Appellate Procedure 40(d)(3)(A) and 32(g)(1), I certify that the attached brief is proportionally spaced, has a typeface of 14 points and contains 3,615 words.


**Signature** <u>s/ Glenn E. Roper</u>        **Dated:** February 18, 2025.
GLENN E. ROPER

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

s/ Glenn E. Roper
GLENN E. ROPER

22